UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| XPEL TECHNOLOGIES CORP.<br>　　Plaintiff<br><br>v.<br><br>AMERICAN FILTER FILM<br>DISTRIBUTORS, FILM & VINYL<br>DESIGNS LLC, BRETT WASSELL<br>as owner and in his individual<br>capacity, and LARRY WASSELL, as<br>owner and in his individual capacity.<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. SA08-CA0175-XR |

**PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S MOTION FOR EXPEDITED MODIFICATION AND ENLARGEMENT OF ORDER GRANTING MOTION FOR EXPEDITED COMPUTER FORENSIC IMAGING**

Plaintiff XPEL Technologies Corp. (hereinafter "XPEL") files this its Response to Defendants' Motion for Protective Order and Plaintiff's Motion for Expedited Modification of Order Granting Computer Forensic Imaging in response to Defendants' Motion for Protective Order,[1] and respectfully shows the Court as follows:

### INTRODUCTION

1.　On or about March 12, 2008, XPEL filed a Motion for Expedited Computer Forensic Imaging for the purposes of preserving evidence (docket entry #4). After a hearing before the Court and the Magistrate on the motion, Magistrate Nowak entered an Order Granting Motion for Expedited Computer Forensic Imaging (docket entry #11) on March 17, 2008 based

---

[1] On March 31, 2008, Defendants filed their *Motion to Quash and for Protective Order*. In that motion, Defendants ask for protection based upon their belief that XPEL was acting outside the scope of the March 17, 2008 Order Granting XPEL's Motion for Expedited Computer Forensic Imaging (docket entry #11). This pleading will serve as a response to Defendants' Motion.

Page 1

on XPEL's showing of "good cause" for the requested expedited computer forensic imaging.[2] Since the Order Granting Motion for Expedited Computer Forensic Imaging, forensic imaging has been conducted by DigitalWorks in accordance with the Order. However, XPEL has subsequently learned of a computer owned and controlled by Defendants at a car dealership in Fort Worth, Texas, which is located outside of Defendants' place of business in Euless, Texas. Because the language of the Order can be read to direct Defendants to make only the computers located at their place of business available for forensic imaging, XPEL files this motion to request modification and enlargement of the Order.

## FACTS

2.  As set forth in its Motion for Expedited Computer Forensic Imaging, Defendants American Filter Film Distributors ("AFF") and Film & Vinal Designs, LLC ("Film & Vinyl") saved copies or derivatives of copies of XPEL Kit Designs or patterns for Honda automobiles onto a disk. AFF or Film & Vinyl took the disk to the Frank Kent Honda dealership, located at 3535 West Loop 820 South, Fort Worth, Texas 76116, where an AFF or Film & Vinyl employee loaded the Kit Designs or patterns onto a computer at the Honda dealership.[3]

3.  Since the filing of its Motion for Expedited Computer Forensic Imaging and the Order granting same, XPEL sent a letter to the Frank Kent Honda dealership on or about March 26, 2008, regarding the preservation of evidence on said computer containing the Kit Designs and Patterns.[4] The letter identified the lawsuit, the allegations pertinent to the computer at the dealership's location to provide enough notice as to which computer was at issue, and directed

---

[2] XPEL has already shown "good cause" and demonstrated its entitlement to the expedited computer imaging of Defendants' computers. For the sake of brevity, XPEL will not additionally recount the evidence in support of its Motion for Expedited Computer Forensic Imaging (docket entry #4). Rather, XPEL specifically incorporates said Motion and its supporting evidence as if fully set forth herein.
[3] *See* Declaration of John Stephen Wood ("Wood Declaration"), Exhibit 4 to XPEL's *Motion for Expedited Computer Forensic Imaging.*
[4] *See* Letter to Frank Kent Honda, attached hereto as Exhibit "A."

them to preserve the computer and all related data. Shortly after sending the letter, Dave Martin, the General Manager of the Frank Kent Honda dealership, contacted the undersigned counsel for XPEL and stated that the computer at the Frank Kent Honda dealership, onto which the Kit Designs and patterns were loaded, belongs to AFF and/or Film & Vinyl and not the dealership. While the General Manager expressed a willingness to cooperate, he could not agree to turn over a computer that does not belong to Frank Kent Honda.

4. Defendants' counsel has subsequently acknowledged that the computer at Frank Kent Honda belongs to Defendants, and that it has computers, or maintains automotive paint protection kits on car dealership computers, at other car dealerships.[5] In the spirit of compromise, Plaintiff's counsel requested the identification of the car dealerships where Defendants' computers were located, and to identify any other computers owned by Defendants but not already imaged.[6]

5. On March 31, 2008, Defendants filed their *Motion to Quash and for Protective Order*. In that motion Defendants ask for protection based upon their belief that XPEL was acting outside the scope of the March 17, 2008 Order when it contacted Frank Kent Honda in the March 26, 2008 letter mentioned above.

6. As an initial matter, as a non-party, there is nothing to prevent Plaintiff's attorney from contacting the car dealership regarding evidence it may possess, or from sending a subpoena for same. *See* FRCP 34(c). There is absolutely no basis for asking this Court for a protective order to prevent Plaintiff's counsel from contacting non-parties, and the request for relief should be denied.

---

[5] *See* Defendants Counsel's Letter to Karen Monsen, attached hereto as Exhibit "B."
[6] *See* Plaintiff Counsel's Letter to Judith Blakeway, attached hereto as Exhibit "C."

7.     Nonetheless, XPEL believes that the spirit of the Court's Order, if not its plain language, grants XPEL permission to image all of Defendants "Computer(s), Server(s)…and electronic storage devices"[7] (rather than just the ones that physically sit on Defendants' property). XPEL files this motion to (1) modify and enlarge the Order, and (2) respond to Defendants' motion for protective order.

## XPEL SHOULD BE PERMITTED TO IMAGE DEFENDANTS' COMPUTER AT FRANK KENT HONDA CAR DEALERSHIP

8.     The March 17, 2008 Order Granting XPEL's Motion for Expedited Computer Forensic Imaging states in pertinent part the following:

> "Within two days of this Order or at such other time agreed to by the parties, defendants shall make its Computer(s), Server(s), and any other electronic storage devices located at Defendants' place of business at 1385 Westpark Way, Euless, Texas, including but not limited to Brett Wassell's laptop, which may be located at a different location, available to the Forensic Examiner to make mirror images of those devices as set out below:
>
> a.     Imaging of the Computer(s), Server(s), any other electronic storage devices in Defendants' possession, custody, or control, and Brett Wassell's laptop shall be created using…"

Defendants' motion asks that the Court order XPEL not to contact any of Defendants' customers until further order of this Court or agreement of the parties, despite the fact that nothing in the March 17th Order prevented either party from contacting non-parties regarding evidence in this matter.[8]

9.     First, it is important to note that XPEL sent the March 26th letter to Frank Kent Honda based on a good faith belief that the computer upon which XPEL's Kit Designs resided at Frank Kent Honda belonged to Frank Kent Honda. However, some time after the letter was

---

[7] *See* Docket entry #11.
[8] It should also be noted that Federal Rule of Civil Procedure 34(c) specifically permits obtaining discovery from nonparties.

received by Frank Kent Honda, XPEL was surprised to learn that the computer in question belonged to Defendants, especially given that Defendants were to turn over computers in their possession, custody, or control to DigitalWorks so that forensic imaging of these computers could be accomplished.

10. Further, Defendants' contention that there is "no need" to image computers at Defendants' customers' locations is disingenuous to say the least. Distribution of any patterns that have been copied from XPEL give rise to additional causes of action, and therefore would be relevant information that can be discovered during the discovery process. Forensic evidence from computers at car dealerships may be the only evidence of violations of XPEL's exclusive right to distribute its Kit Designs. *See* 17 U.S.C. § 106. Also, the computer at Frank Kent Honda may be the best evidence of spoliation by Defendants.

11. Mr. Martin expressed a willingness to cooperate in producing said computer, and the forensic imaging can take place after hours. As only one computer would be imaged, the time commitment to complete this process would not be extensive.

12. While it is most important that XPEL be allowed to forensically image Defendants' computer that currently resides at Frank Kent Honda, it is also necessary that Defendants disclose the names of all other car dealership that possess computers, servers or electronic storage devices that belong to Defendants,[9] or computers not owned by Defendants at car dealerships where Defendants' kit designs reside. The disclosure of this information is necessary as (1) it will help XPEL, and the Court, ensure that Defendants are complying with the March 17th Order of this Court, and (2) it may become necessary for XPEL to use the discovery

---

[9] This list will be "**For Attorneys' Eyes Only.**"

process in order to obtain the information that is being stored on the computers that reside at Defendants' customers' places of business.

13. Therefore, XPEL respectfully asks the Court to modify and enlarge its March 17, 2008 Order Granting XPEL's Motion for Expedited Computer Forensic Imaging to include the following:

    a. Incorporation of the Court's March 17, 2008 Order *Granting Motion for Expedited Computer Forensic Imaging*;

    b. XPEL has the right within 2 days of the new Order to forensically image the Defendants' computer that is currently located at Frank Kent Honda; and

    c. XPEL will have the right to forensically image all of the computers, servers, or electronic storage devices located at any of the other car dealerships identified by Defendants in the Interrogatory below should it become necessary.[10]

Further, XPEL also requests that Defendants answer the following Interrogatories:

    a. Identify all car dealerships that currently possess one of Defendants' computers, servers, or electronic storage devices; and

    b. Identify any car dealerships that possess computers not owned by Defendants where Defendants' kit designs reside; and

    c. Identify any other computers owned by Defendants not previously imaged.

## CONCLUSION

14. For all of the foregoing reasons, XPEL respectfully requests that this Court enlarge and modify its prior order granting Plaintiff's Motion for Expedited Computer Forensic Imaging to additionally allow forensic imaging of any and all computers under Defendants'

---

[10] Just as with the March 17th Order, XPEL has no problems with agreeing that anything forensically imaged that belongs to Defendants will be **"For Attorneys' Eyes Only."**

direction and control, and specifically the computer at the Frank Kent Honda dealership located at 3535 West Loop 820 South, Fort Worth, Texas 76116, and to require Defendants to respond to the interrogatories within two days of the signed order. Further, XPEL prays for all other relief to which it may show itself to be justly entitled.

Respectfully Submitted,

JACKSON WALKER L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: (210) 978-7700
Facsimile: (210) 978-7790

By: *Karen Monsen*
Stacy Allen
State Bar No. 24034185
stacyallen@jw.com
Karen A. Monsen
State Bar No. 24027401
kmonsen@jw.com

ATTORNEYS FOR XPEL TECHNOLOGIES CORP.

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has attempted to confer with counsel for Defendants regarding the merits of the foregoing Motion, but no agreement could be reached. It is therefore presented to the Court for determination.

*Karen Monsen*
Karen Monsen

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of April, 2008, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following upon:

Alan R. Thiele
Judith Blakeway
Strasburger & Price, LLP
Attorneys at Law
300 Convent Street, Suite 900
San Antonio, Texas  78205-3715

ATTORNEYS FOR DEFENDANTS

                                                           *Karen Monsen*
                                                           Karen Monsen

5066280v.1



## JACKSON WALKER L.L.P.
### ATTORNEYS & COUNSELORS

**Karen Monsen**
(210) 978-7703; fax (210) 242-4616
kmonsen@jw.com

March 26, 2008

Mr. Dave Martin
General Manager
Frank Kent Honda
3451 W. Loop 820 S
Fort Worth, Texas 76116

RE: XPEL Technologies Corp. ("XPEL") v. American Filter Film Distributors, Film & Vinyl Designs LLC, et al., Civil Action No. SA08-CA0175-XR

Dear Mr. Martin:

This law firm represents XPEL Technologies Corp., hereinafter referred to as "XPEL" in reference to the above cause and I am writing to you on its behalf. Please direct all communications regarding this letter to me.

XPEL creates designs for automotive paint and headlamp protection and window film products for different models of automobiles ("Kit Designs" or "XPEL's Products"). Some of these Kit Designs are delivered electronically via XPEL's web-based proprietary software and accessed by the end users' computer hardware.

The Defendant, American Filter Film Distributors, hereinafter referred to as "AFF" provides window film products and installation tools to professional window film dealers, automotive dealerships, and others who sell and install window film.

The Defendant, Film & Vinyl sells window film and paint protection pattern cutting packages, hardware for cutting window film and paint protection patterns such as plotters (sometimes known as "cutters"), plotter supplies, and patterns for window film and paint protection products.

On information and belief we have reason to believe that, AFF or Film & Vinyl saved copies or derivatives of copies of XPEL Kit Designs or patterns for Honda automobiles onto a disk. An AFF employee, Stephen Wood, took the disk to the Frank Kent Honda dealership,

**EXHIBIT A**

where an AFF or Film & Vinyl employee loaded the Kit Designs or patterns on the Honda dealership's computer.

You are required by law to take affirmative steps to ensure that this information and any information potentially relevant to the above-referenced lawsuit is not lost or destroyed. This means that all information, documents, and records, however kept or stored (including any data or communications that are electronically stored or that may exist on computer back-up systems), must be retained throughout litigation proceedings.

You may already have certain document retention policies in place that could affect the retention and safekeeping of evidence in its electronic form. Please ensure that these policies do not inadvertently delete the evidence described herein.

I would like to make arrangements to have my forensic expert meet with you, and someone in your IT department, so that we can obtain copies, of whatever documents you were provided by the Defendants and further inquire if our client's proprietary information has been distributed to anyone outside of your Honda dealerships.

Until we are able to discuss these issues and your retention policies more thoroughly, please take the following steps to ensure that routine procedures that purge, destroy or over-write evidence are suspended immediately:

1. Preserve copies of all electronic data that may have any relation to this dispute, which may include:

   a. Stop any rotation, alteration and/or destruction of electronic media, including but not limited to e-mail, that may result in the alteration or loss, whether partial or complete, of any electronic data; or

   b. Do not dispose of any electronic media storage devices (included but not limited to those replaced due to failure and/or upgrade) that may contain electronic data that may have any relation to this dispute;

2. Preserve copies of all application programs and utilities that may be used to process electronic data about this dispute.

3. Preserve all passwords, network access codes, ID names and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

4. Maintain an activity log to document any modifications made to any electronic data processing system that may, in any way, process, store or otherwise manipulate electronic data that may have any relation to this dispute.

Please understand that this list is not all-inclusive. This is a list of steps that should be taken immediately and should continue until we are able to discuss these issues in more depth.

Please contact me as soon as possible so that we can discuss these matters.

In the meantime, please forward a copy of this letter to all persons and entities who are responsible for your computer network and computer systems and to the persons who are responsible for your record management program.

Sincerely,

*Karen Monsen*

Karen A. Monsen

KAM/tm

5062915v.1


**Strasburger**
ATTORNEYS AT LAW

March 28, 2008

JUDITH R. BLAKEWAY
210.250.6004
Direct Fax: 210.258.2706
judith.blakeway@strasburger.com

**Via e-mail**

Karen A. Monsen
JACKSON WALKER L.L.P.
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205

   Re: Civil Action No. SA08-CA-0175-XR; *XPEL Technologies Corp.* ("XPEL") *v. American Filter Film Distributors, et al.*; in the United States District Court, Western District of Texas, San Antonio Division

Dear Ms. Monsen:

I have been provided a copy of your March 26, 2008 letter to Frank Kent Honda, in which you inform my clients' customer that you have reason to believe that AFF or Film & Vinyl saved copies or derivatives of copies of XPEL Kit Designs or patterns for Honda automobiles onto a disk, took the disk to the Frank Kent Honda dealership, and loaded the kit designs or patterns onto the Honda dealership's computer.

Your letter, accusing my clients of conduct that you claim is unlawful, goes beyond the scope of a legitimate document preservation letter. In the future, if you wish to obtain discovery of information on an AFF computer on a customer's premises, you can do so by contacting me directly. There is no need to disparage my clients to their customers.

You have interfered with the relationship between my clients and their customer, Frank Kent Honda. Please be advised that my clients will hold your client responsible for any injury to my clients' reputation and relationships with their customers caused by your conduct.

Very truly yours,

*Jan R. Blakeway*
Judith R. Blakeway
JRB:jj

343475.1/SPSA/18318/0101/032808

Strasburger & Price, LLP
300 Convent Street, Suite 900 • San Antonio, Texas 78205.3715 • 210.250.6000 tel • 210.250.6100 fax • www.strasburger.com
Austin • Collin County • Dallas • Houston • San Antonio • Washington D.C.
Strasburger & Price, SC - Mexico City

**EXHIBIT B**



**JACKSON WALKER L.L.P.**
ATTORNEYS & COUNSELORS

**Karen Monsen**
(210) 978-7703; fax (210) 242-4616
kmonsen@jw.com

March 28, 2008

Ms. Judith Blakeway
Strasburger & Price, LLP
300 Convent Street, Ste. 900
San Antonio, Texas 78205

RE: XPEL Technologies Corp. ("XPEL")/American Filter Film Distributors, Film & Vinyl Designs LLC, et al., Civil Action No. SA08-CA0175-XR

Dear Ms. Blakeway:

In response to your letter of today's date, please be advised that XPEL had a good faith belief that the computer upon which Kit Designs resided at Frank Kent Honda belonged to Frank Kent Honda. We were surprised to learn that the computer in question belonged to Defendants, especially given that DigitalWorks was required to image all computers in Defendants' possession, custody, or control. Computers that Defendants own but that reside at car dealerships certainly fall within the spirit of the court's order, if not the letter of the order.

Accordingly, and to avoid any further such situations, we request that Defendants promptly identify to Plaintiff all car dealerships that have computers owned by Defendants, and the location of any other computers owned by Defendants, which contain Kit Designs.

Sincerely,

*Karen Monsen*

Karen A. Monsen

**EXHIBIT C**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| XPEL TECHNOLOGIES CORP.<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. SA08-CA0175-XR |
| AMERICAN FILTER FILM<br>DISTRIBUTORS, FILM & VINYL<br>DESIGNS LLC, BRETT WASSELL<br>as owner and in his individual<br>capacity, and LARRY WASSELL, as<br>owner and in his individual capacity.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

### ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED MODIFICATION AND ENLARGEMENT OF ORDER GRANTING MOTION FOR EXPEDITED COMPUTER FORENSIC IMAGING

On this day, came on to be heard XPEL's *Motion for Expedited Modification and Enlargement of Order Granting Motion for Expedited Computer Forensic Imaging,* and the Court, having read and considered the Motion, any response thereto, the pleadings and papers on file, and having heard the arguments of counsel, is of the opinion that XPEL's Motion should be GRANTED.

IT IS THEREFORE ORDERED that XPEL's *Motion for Expedited Modification of Order Granting Motion for Expedited Computer Forensic Imaging* is GRANTED in its entirety. The Court further ORDERS that:

    1.    This Court's March 17, 2008 Order *Granting Motion for Expedited Computer Forensic Imaging* is incorporated into this Order as if fully set forth herein;

2.     XPEL has the right within 2 days of the new Order to forensically image Defendants' computer that currently resides at Frank Kent Honda;

3.     XPEL will have the right to forensically image any of the computers, servers, or electronic storage devices that belong to Defendants and are located at any of the other car dealerships identified by Defendants in the Interrogatory mentioned below; and

4.     Within 2 days of this Order, Defendants must identify (1) all car dealerships that currently possess one of Defendants' computers, servers, or electronic storage devices; (2) any car dealerships that possess computers not owned by Defendants where Defendants' kit designs reside; and (3) any other computers owned by Defendants not previously imaged.

_____<br>JUDGE PRESIDING